1

2

3

4

5

6

7

8                                          UNITED STATES DISTRICT COURT

9                                          EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY TURNER,                              1:13-cv-01727 DLB (PC)

12                      Plaintiff,

13            v.                                   ORDER DENYING MOTION FOR
                                                  APPOINTMENT OF COUNSEL
14    P. D. BRAZELTON, et al.,
                                                  (Document# 10)
15                      Defendant(s).

16

17            On April 21, 2014, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18    does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113

19    F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff

20    pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern</u>

21    <u>District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22    exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

23    section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

24            Without a reasonable method of securing and compensating counsel, the court will seek

25    volunteer counsel only in the most serious and exceptional cases.  In determining whether

26    "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27    the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28    complexity of the legal issues involved."  <u>Id</u>. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 24, 2014**                    /s/ _Dennis L. Beck_
                                                   UNITED STATES MAGISTRATE JUDGE

2