UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY TURNER,<br><br>                Plaintiff,<br><br>        v.<br><br>P. D. BRAZELTON, et al.,<br><br>                Defendant. | 1:13-cv-01727 DLB (PC)<br><br><br>ORDER DISMISSING ACTION<br>FOR FAILURE TO PROSECUTE |

Plaintiff Anthony Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  Plaintiff filed this action on October 28, 2013.[1]

On March 20, 2014, the Court dismissed Plaintiff's complaint with leave to amend.  On April 24, 2014, the Court granted Plaintiff's request for a sixty day extension of time.  Plaintiff's amended complaint was due on or before June 26, 2014. [2]

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 2, 2014.

[2] It appears that at least as of April 21, 2014, Plaintiff was incarcerated at Ironwood State Prison.  Plaintiff did not file a change of address, however, and absent such notice, service at his prior address is fully effective.  Local Rule 182(f).  Nonetheless, the Court updated Plaintiff's address on the docket based on his April 21, 2014, filing.  No documents have been returned to this Court.

1

Based on Plaintiff's failure to comply with the Court's order, the Court issued an order to show cause on July 10, 2014.  Plaintiff was ordered to file a response to the order within thirty days of the date of service of the order.

Over thirty days have passed and Plaintiff has not complied with the order or otherwise contacted the Court.  As a result, there is no pleading on file which sets forth any viable claims for relief.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since October 28, 2013, and there is no pleading on file that states a claim for relief.  Therefore, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  Further, an opposing party is necessarily prejudiced when he is unaware of an action against him.  *Id.*

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id.* at 1228.

Finally, the Court's July 10, 2014, order specifically stated that failure to comply with the order would result in dismissal of this action.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE based on Plaintiff's failure to prosecute.

<u>This terminates this action in its entirety.</u>

IT IS SO ORDERED.

Dated:   **August 25, 2014**                            /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE